IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GOODMAN MANUFACTURING COMPANY, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-3042 |
| FIELD WAREHOUSING CORPORATION, | § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This case is before this Court on a Motion for Summary Judgment[1] [Doc. # 33] (the "Motion") filed by Defendant Field Warehousing Corporation ("Field" or "Defendant"). The Court has reviewed the Motion, the Response filed by Plaintiffs Goodman Manufacturing Company LP, Goodman Company LP, and Goodman Sales Company (collectively, "Plaintiffs") [Doc. # 34] ("Response"),[2] all matters of record, and governing legal authorities. The Court concludes that Defendant's motion should be **denied.**

---

[1]   Goodman points out that Field's Motion, despite its name, could be construed as a motion for a judgment on the pleadings under Federal Rule of Civil Procedure 12(e). *See* Response, at 3-4. The distinction here is immaterial to disposition of the Motion, as discussed *infra*.

[2]   Field did not file any reply to Plaintiffs' Response.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The facts of this case are set out in more detail in the Court's Memorandum and Order of June 26, 2007 ("June Order") [Doc. # 35].  Briefly, Goodman sells climate-control products through a network of distributors.  Its distributors use a bonded inventory system that relies on current warehoused inventory being tracked and monitored, a function Goodman delegated to Field by contract, the Master Agreement (the "Agreement") on July 1, 1988.[3]  The Agreement contains a limitation of liability clause stipulating that Field's liability would not "exceed the Supplier [*sic*] special reserve to be . . . accrued at the rate of $10,000 for each month from date of Agreement plus $250,000."[4]

On May 8, 1991, Goodman and Field executed "Addendum A" to the Agreement ("Addendum"), which set out further terms governing the parties' relationship.[5]  The Addendum contains a clause requiring Field to set up a $250,000 escrow account to cover losses under the Agreement, and limits Field's liability in any "contract year" to that amount.[6]  From September 2000 to March 18, 2005, pursuant to the Agreement

---

[3]  Master Agreement ("Agreement"), Motion, Exhibit A.

[4]  *Id*. at 2, ¶ 6.

[5]  Letter from Harold V. Goodman to Gerald A. Boas, dated May 8, 1991 ("Addendum"), Motion, Exhibit B.

[6]  *Id*. at 6, ¶ 5.

and the Addendum, Field provided warehousing services for Goodman's bonded account with ASHA Distributing, Inc. and ASHA Distributing of K.C., Inc. (collectively, "ASHA").[7]

Goodman filed this lawsuit against Field alleging breach of contract and negligence in relation to the ASHA bonded account.[8] In the June Order, the Court applied the applicable version of Texas Business and Commerce Code § 7.204 and held the limitations clauses in the Agreement and the Addendum to be invalid and/or unenforceable.[9] The Court thus rejected certain of Field's defensive theories in this case.

## II.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *de la O*

---

[7]   *Id*. at 2, ¶ 6.

[8]   Plaintiffs' First Amended Complaint & Request for Declaratory Judgment [Doc. # 3] ("Complaint"), at 4–8.

[9]   Motion, at 1.

*v. Housing Authority*, 417 F.3d 495, 501 (5th Cir. 2005). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e). The court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413, 416 (5th Cir. 2006).

### III. ANALYSIS

**Contract Claim.** — Goodman complains that Field violated the parties' "Master Agreement" (earlier defined in this Memorandum as the "Agreement) and its Addendum A."[10] Field first defends by construing the Agreement as solely the parties' original three-year contract executed in 1988, and contends that the Agreement expired in July 1991. Field deduces that the parties entered into a *new* contract every three years up until the present day, that it has had seven separate, successive contracts with Goodman. Field then argues that, because Goodman's alleged damages occurred between 2000 and 2005,[11] the "Master Agreement" was no longer in effect and could not have been breached.

---

[10]  Complaint [Doc. # 1], at 6.

[11]  *Id*. at 4.

To the extent Field argues that Goodman fails, as a pleading matter, to allege a cause of action under a post-1991 contract between the parties,[12] the argument is unpersuasive. Count One of Goodman's Complaint, entitled "Breach of Contract," alleges that Field's conduct was "a breach of the Master Agreement and Addendum A."[13] The factual allegations in the Complaint make it plain that Goodman's theory is that the Agreement continued after 1991 and, as extended, was breached between 2000 and 2005, when Field was handling the ASHA account.[14] The Complaint and factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007), and are therefore adequate under Federal Rule of Civil Procedure 8(a)(2).

Field also argues that the Agreement expired in 1991 and thus damages arising from later contracts do not flow from a breach of the Agreement *per se*. This argument is not supported by the pleadings, evidence,[15] or logic. To the contrary, the Agreement provides:

---

[12]   Motion, at 7-8.

[13]   Complaint, at 6.

[14]   *Id*. at 4.

[15]   The Court considers the Agreement as evidence insofar as Field characterizes its motion as one for summary judgment.

> This Agreement shall continue in full force and effect for three (3) years from the date hereof, and thereafter for successive three (3) year terms, except that either party shall have the right to terminate the Agreement at any time upon sixty (60) days written notice of the intention to terminate [subject to certain explicit requirements].[16]

The Agreement expressly establishes that it was extended for subsequent three year terms *unless* terminated by a party by written notice. Field nowhere alleges or presents evidence that either party gave such notice.

Field purports to rely for its argument on both Federal and Texas law, citing *Hennigan v. Chargers Football Co.*, 431 F.2d 308, 315 (5th Cir. 1970), and *Zuniga v. Allstate Ins. Co.*, 693 S.W.2d 735, 738 (Tex. App.—San Antonio 1985, no writ)). Field contends that these decisions establish that renewal of a contract may be considered the creation of "a separate and distinct contract for the period of time covered by the renewal."[17] These cases are inapposite. Under its own terms, the Agreement did not expire in 1991 and the parties did not need to act to "renew" it. The Agreement provides that it continues until one party serves written notice of intent to terminate the contract. There is no evidence either party gave such notice at any time relevant to Goodman's claims.

---

[16]   Agreement, at 3.

[17]   Motion, at 6.

**Negligence Claim.** — Field also seeks summary judgment dismissing Goodman's negligence claim on the ground that, because Goodman allegedly failed to identify the correct contract in its Complaint, it has failed to identify any legal duty owed to it by Field. For the same reasons noted above, this argument is rejected. Goodman has sued to enforce the Agreement, and thus has identified sufficiently a duty Field owed to Goodman.[18]

Finally, Field moves for summary judgment in its favor on the ground that the Agreement's limitation of liability clauses[19] are invalid. The Court upheld the validity of these clauses in response to Goodman's Motion for Summary Judgment and will not revisit those issues here.[20] It is therefore

**ORDERED** that Field's Motion for Summary Judgment [Doc. # 33] is **DENIED**.

---

[18] The Court, by this ruling, does not endorse the viability of a negligence theory in this case if Goodman's breach of contract theory is legally viable. "[I]f the defendant's conduct would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract." *See OXY USA, Inc. v. Cook*, 127 S.W.3d 16, 20 (Tex. App.—Tyler 2003, pet. denied) (citing *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex.1991)).

[19] *See* Agreement, at 2, ¶ 6; Addendum, at 6, ¶ 5.

[20] *See* June Order, at 11 to 14.

Signed at Houston, Texas, this **18th** day of **July, 2007.**

_____
Nancy F. Atlas
United States District Judge