# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GOODMAN MANUFACTURING COMPANY, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. H-06-3042 |
| | § | |
| FIELD WAREHOUSING CORPORATION, | § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Field Warehousing Corporation's Motion for Leave and Motion to Designate Responsible Third Parties [Doc. # 19]. Defendant Field Warehousing Corporation ("Field" or "Defendant") seeks to designate ASHA Distributing, Inc. and ASHA Distributing of K.C., Inc. (collectively, "ASHA") as responsible third parties under § 33.004 of the Texas Civil Practice and Remedies Code. Field asserts that ASHA's acts and/or omissions were the "superceding, intervening proximate and/or producing causes" of Plaintiff Goodman Manufacturing Company LP's (and affiliates'[1]) alleged losses claimed in this suit.

---

[1]      Plaintiffs are Goodman Manufacturing Company LP, Goodman Company LP, and Goodman Sales Company (collectively, "Plaintiffs").

The Court has reviewed the Motion, the Response filed by Goodman [Doc. # 23] ("Goodman's Response"), Field's Reply [Doc. # 27-2], all matters of record, and governing legal authorities.  The Court concludes that Field's Motion should be **denied.**

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Goodman sells climate-control products through a network of distributors.  Its distributors use a bonded inventory system that relies on current warehoused inventory being tracked and monitored, a function Goodman delegated to Field by a "Master Agreement" (the "Field Agreement") dated July 1, 1988.  On May 8, 1991, Goodman and Field executed "Addendum A" to the Field Agreement ("Addendum"), which set out further terms governing the parties' relationship.[2]  From September 2000 to March 18, 2005, pursuant to the Field Agreement and the Addendum, Field provided warehousing services for Goodman's bonded account with ASHA.[3] Goodman states that Field was to render service in connection with Goodman's distributorship with ASHA.  As Goodman describes it, ASHA contracted to distribute Goodman's products within a designated geographic area ("ASHA Contract"), and Goodman was to ship its products to the warehouse for ASHA's easy access based

---

[2]   Letter from Harold V. Goodman to Gerald A. Boas, dated May 8, 1991 ("Addendum"), Motion, Exhibit 2.

[3]   *Id*. at 2, ¶ 6.

on ASHA's periodic sales forecasts. Goodman shipped its products under consignment to ASHA at a specified bonded warehouse.[4] If ASHA failed to sell all the units in a particular forecast, Goodman was authorized to issue a "forced release" for the unsold inventory. Upon issuance of a "forced release," ASHA was obligated to purchase the identified inventory on a first in, first out ("FIFO") basis.[5]

In 2000, Field agreed to provide to Goodman warehousing services, including maintaining an accurate inventory system, at the facilities containing products shipped to ASHA.[6]

In March 2005, Goodman terminated its relationship with ASHA and recovered all of the product that Goodman could locate that ASHA had on consignment at that time. Goodman did not recover all of the product it believed it had shipped to ASHA.

---

[4]   Goodman's Response, at 2.

[5]   First Amended Petition, at 3. Typically, according to Goodman, a manufacturer delivers product to a bonded facility at or near the distributor's location but title remains in the manufacturer's name. Upon sale of the product by the distributor to an end user, the bonded warehouseman releases the product from the bonded warehouse to the distributor. Title then passes to the distributor, which must pay for the released product. Goodman's Response, at 4 n.3. According to Goodman, a "'forced release' occurs when the warehouseman forces the distributor to purchase certain products in the bonded inventory even though the distributor has no purchaser." *Id.* Goodman claims that "a forced release is a mechanism the warehouseman should use to protect the manufacturer and prevent a back up of old product, which might be sold later, if at all, for only a fraction of its worth." *Id.*

[6]   *See* Goodman's explanation of the right of "forced release" in Response, at 4 n.3; Addendum, at 1-2, ¶ 3 (Field is to assist in Goodman's implementation of forced releases); *see also id.* at 1, ¶ 1 (Field's obligation to maintain accurate distributor inventory records and to balance to Goodman's inventory each month).

That same month, Goodman sued ASHA for the value of the product Goodman could prove ASHA had actually received, had then sold, and did not pay Goodman for. *See* First Amended Petition, *Goodman Sales Co. v. ASHA Distributing Inc., et al.*, Civil Action No. H-05-1260 (U.S.D.C., S.D.Tex.) [Doc. # 1], at 6-23; Exhibit 3 to Motion [Doc. # 19] (the "ASHA litigation").

In September 2006, Goodman filed this lawsuit against Field alleging claims for breach of contract (*i.e.*, the Field Agreement and Addendum) and for negligence in connection with Field's alleged failure to fulfill its duties as a warehouseman in regard to ASHA's account.[7] In this suit, Goodman seeks damages for losses incurred from product that ASHA returned to Goodman. Goodman seeks damages from Field on the ground that the returned product should have been sold by ASHA in accordance with the FIFO plan, or returned to Goodman much earlier. Goodman also seeks damages for product that its records establish it shipped to ASHA but that Goodman cannot verify was received because Field failed to secure appropriate documentation from ASHA upon delivery. Finally, Goodman is seeking damages for the consequential damages associated with Field's breach and/or negligence.

By the pending Motion, Field seeks to join ASHA in this case as a "responsible

---

[7]   Plaintiffs' First Amended Complaint & Request for Declaratory Judgment [Doc. # 3] ("Complaint"), at 4–8.

third party" under § 33.004 of the Texas Civil Practice and Remedies Code. Field argues that this result is mandated by the fact that Goodman asserted breach of contract, fraudulent concealment and other claims against ASHA and sought damages that Field claims are essentially the same as those sought in this suit. Field also argues that Goodman is estopped from denying these theories or opposing the relief Field here seeks.[8]

### III.  DISCUSSION

Field's theory of responsible third party stems from its interpretation of Goodman's factual allegations in the ASHA litigation and Field's interpretation of Goodman's claims in that suit. Goodman opposes naming ASHA a responsible third party in this case because the contracts on which Goodman's breach of contract claims are based are completely separate; Goodman seeks damages here that are completely different from those sought from ASHA; and ASHA and Field each owe Goodman different duties.

In pertinent part, § 33.004 of the Texas Civil Practice and Remedies Code,

---

[8]  Although Field does not assert any argument about Federal Rule of Civil Procedure 14, the Court notes that, like several other district courts, the designation of a responsible third party under § 33.004 does not contravene Rule 14. *See Werner v. KPMG LLP*, 415 F.Supp.2d 688, 703 (S.D.Tex.2006); *Cortez v. Frank's Casing Crew & Rental Tools*, 2007 WL 419371 (S.D. Tex. Feb. 2, 2007); *Bueno v. Cott Beverages, Inc.*, No. Civ. A. SA04-CA24XR, 2005 WL 647026, *2 (W.D.Tex. Feb.8, 2005); *Alvarez v. Toyota Motor Corp.*, No. 3:06-CV-0340-D, 2006 WL 1522999 (N.D.Tex. May 8, 2006).

provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party."[9] Under § 33.011(6) of the Texas Practice & Remedies Code, a "responsible

---

[9] Section 33.004 also sets out detailed procedures for designating responsible third parties and limiting the legal effect of such designations. In pertinent part, § 33.004 also provides:

> (a) . . . The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
>
> (b) Nothing in this section affects the third-party practice as previously recognized in the rules and statutes of this state with regard to the assertion by a defendant of rights to contribution or indemnity. Nothing in this section affects the filing of cross-claims or counterclaims.
>
> \* \* \* \*
>
> (g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:
>
> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
>
> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.
>
> \* \* \* \*
>
> (i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:
>
> (1) does not by itself impose liability on the person; and
>
> (2) may not be used in any other proceeding, on the basis of res judicata,

(continued...)

third party" "means [in pertinent part] any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." *See also Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 702-03 (S.D. Tex. 2006); *Cortez v. Frank's Casing Crew & Rental Tools*, 2007 WL 419371 (S.D. Tex. Feb. 2, 2007); *Bueno v. Cott Beverages, Inc.*, No. Civ. A. SA04-CA24XR, 2005 WL 647026 (W.D. Tex. Feb. 8, 2005). If a person is held to be a responsible third party, then § 33.003 of the Texas Civil Practice & Remedies Code provides that the person is to be included in the list of parties the jury may consider for allocation of responsibility for the plaintiff's damages.[10] Thus,

---

[9]   (...continued)
collateral estoppel, or any other legal theory, to impose liability on the person.

The Court does not adopt the state law procedural requirements of this responsible third party statute. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (federal court is bound to apply the substantive law of the forum state, while following federal procedural rules); *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003); *Texas Dept. of Housing and Community Affairs v. Verex Assur., Inc.*, 68 F.3d 922, 928 (5th Cir. 1995).

[10]   Section 33.003 of the Texas Civil Practice & Remedies Code provides:

(a)   "The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility, stated in whole numbers, for the following persons with respect to each person's causing or contributing to cause in any
(continued...)

designation of a responsible third party could affect the amount of a plaintiff's recovery because a defendant "is liable to a claimant only for the percentage of damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the . . . harm for which the damages are allowed." TEX. CIV. PRAC. & REM. CODE § 33.013(a).

Field argues that Goodman's pleadings in the ASHA litigation warrant a finding that ASHA is a responsible third party in this case, because Goodman is estopped from denying that ASHA owed Goodman a duty imposed by law. Field argues, for instance, without citation to any authority, that Goodman should be estopped from objecting to a responsible third party finding as to ASHA because Goodman asserted that in the ASHA litigation that ASHA engaged in fraudulent concealment of its conduct, and thus Goodman's discovery of ASHA's wrongs was delayed and accrual of its claims (and commencement of the statute of limitations)

---

[10] (...continued)
way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these:

    (1)    each claimant;
    (2)    each defendant;
    (3)    each settling person; and
    (4)    each responsible third party who has been designated under Section 33.004.

should be tolled.[11] This argument is not persuasive and Field's request for estoppel is denied. Field cites no authority for imposition of estoppel in the manner it requests or in contexts similar to those here. Application of judicial estoppel rests in the Court's discretion. *See Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 833 (5th Cir. 2000). Judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)); *see Hall v. GE Plastic Pacific PTE, Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003); *Ahrens*, 205 F.3d at 833. There was no reliance by any court on the allegations on which Field now relies. *See Coastal Plains*, 179 F.3d at 206; *Ahrens*, 205 F.3d at 833. Judicial estoppel is inapplicable here.

Field alternatively contends that in fact, ASHA owed Goodman legal duties beyond the ASHA Contract, which duties render Goodman a responsible third party. As explained in more detail below, the Court concludes that Field has not pleaded sufficient facts to justify adding ASHA to this suit as a responsible third party. Field's arguments do not address the predicate phrase in the definition of a

---

[11] The Court takes judicial notice of the proceedings in the ASHA litigation, Civil Case No. H-05-1260, a case pending in this District. Goodman sued and went to trial against ASHA for breach of the parties' written contract and oral agreements.

responsible third party, *see* TEX. CIV. PRAC. & REM. CODE § 33.011(6), that ASHA "caused or contributed to causing in any way the harm for which recovery of damages is sought."   It is first noted that Goodman's primary claim is that Field breached the Field Agreement. It is clear that ASHA had no duties under that Agreement and Field does not make allegations to the contrary.  Goodman also claims that Field was negligent as a warehouseman.  Field does not allege that ASHA had any duties to Goodman under common or statutory law as a warehouseman. Nothing in the record indicates that ASHA had any duty to maintain an accurate inventory in the Field warehouse.

Further, significantly, Goodman seeks compensation for harms that are substantively different in the instant case from those sought in the ASHA litigation, making the allegations in the ASHA petitions of questionable, if any, relevance. Goodman sued ASHA for the value of the product it could prove ASHA actually had received, then had sold, and yet had not paid for.  That claim was without regard to problems with the inventory at the Field warehouse.  In the case at bar, on the other hand, Goodman's focus is on different categories of products. Goodman claims Field is responsible for losses attributable to diminution in value of the outdated and/or damaged products consigned to ASHA that Goodman recovered from the warehouse

when it terminated the ASHA Contract.[12]  Goodman also seeks from Field the value of products it claims it delivered to the warehouse but which Goodman could not prove ASHA had received, the value of which products Goodman therefore could not recover from ASHA.  Goodman claims both these problems were due to the absence of accurate inventory records — which Field was solely responsible for maintaining.[13]  Goodman last seeks in this suit consequential damages, such as labor costs to conduct audits of shipped product and to track its deliveries to ASHA, all of which allegedly were necessary because of the lack of an accurate inventory for products delivered to ASHA.

As noted, Field has not alleged on its own that ASHA had any contractual responsibility or owed Goodman any duties for maintaining its own inventory or for recording product received at the warehouse from Goodman for ASHA's account.  The duties on which Goodman based its claims against ASHA arose solely from the parties' contractual relationship, and the only viable causes of action sounded in breach of contract and not in tort.  *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494-95 (Tex.1991).  "When a negligence claim is made alleging the

---

[12] Goodman asserts the loss of value was attributable to Field's failure to maintain an accurate inventory system thereby enabling all concerned to enforce the FIFO rule.

[13] Goodman claims that it "had no record of receipt, and no evidence of the product ever being added to the Master Control Card, which was under Field's control and was within Field's scope of responsibility to maintain and audit."  Goodman's Response, at 5.

breach of the very duties encompassed in a contract between the parties, the action is for breach of contract and not tort." *CBI NA-CON, Inc. v. UOP Inc.*, 961 S.W.2d 336, 340 (Tex.App.–Houston [1st Dist.] 1997, rev. denied) (citing *DeLanney*, 809 S.W.2d at 494-95). Like in *DeLanney*, Goodman was required to prove the contents of its contract and had to rely on the duties in it to prevail. That action was ultimately only an action on a contract. *DeLanney*, 809 S.W.2d at 496; *see CBI NA-CON, Inc.*, 961 S.W.2d at 340. To the extent Field's defense to Goodman's claim in the instant suit or its arguments about ASHA's obligations to Goodman are essentially contentions that ASHA negligently performed its contract with Goodman, Field's arguments fail. Field is restricted, as was Goodman, to contract arguments with respect to duties ASHA owed Goodman. ASHA owed no duty under law to perform its contract "non-negligently." *See DeLanney*, 809 S.W.2d at 494-95. To the extent Field's contentions are derivative of Goodman's claims against ASHA, Field's claims are similarly limited. *See CBI NA-CON, Inc.*, 961 S.W.2d at 340-41 (citing *Amoco Chemicals Corp. v. Malone Serv. Co.*, 712 S.W.2d 611, 613 (Tex.App.–Houston [1st Dist.] 1986, no writ) ("contribution is not recoverable from a third party against whom the plaintiff has no cause of action")).[14] The Court will not designate ASHA

---

[14]   Field was not a party to the ASHA Contract and it is questionable whether Field has any standing to assert contribution arguments on that basis. This issue was not briefed and the
(continued...)

a responsible third party on the ground that ASHA owed Goodman a duty not to perform its contract negligently.

Field thus may not simply rely on Goodman's allegations in its petitions in the ASHA litigation.[15] Field does not make its own allegations as to how this conduct relates to the harms Goodman complains of here. If, however, Field is able to allege (consistent with Federal Rule of Civil Procedure 11) a factually and legally viable theory that ASHA's alleged conduct "caused or contributed to causing in any way the harm for which recovery of damages is sought," TEX. CIV. PRAC. & REM. CODE § 33.011(6), then the Court will reconsider Field's request for ASHA's designation as a responsible third party.

In sum, the issue is not whether Goodman alleged at some time in the ASHA litigation tortious or wrongful conduct by ASHA; the question is whether Field can allege legally viable theories supported by adequate facts, *see Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007) ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is

---

[14] (...continued)
Court need not reach it.

[15] Field refers to Goodman's allegations that ASHA failed to comply with the FIFO rules by allocating newer inventory to the forced releases, by over-forecasting its sales of inventory, by "cherry-picking" the inventory for sale, by failing to return or purchase the excess inventory shipped by Goodman, and by failing to pay for inventory Goodman shipped.

improbable, and that a recovery is very remote and unlikely."),[16] to establish, if its allegations are proven, that ASHA can be deemed partially (or wholly) responsible for harms and damages Goodman seeks from Field. Field has not met its burden to persuade this Court that ASHA should be named a responsible party in this suit.

It is therefore

**ORDERED** that Defendant Field Warehousing Corporation's Motion for Leave and Motion to Designate Responsible Third Parties [Doc. # 19] is **DENIED without prejudice**.

Signed at Houston, Texas, this **31st** day of **July, 2007.**

_____
Nancy F. Atlas
United States District Judge

---

[16] A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.