IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GOODMAN MANUFACTURING COMPANY, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-3042 |
| FIELD WAREHOUSING CORPORATION, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This contract case is before this Court on the Motion for Leave to Amend to Add Additional Parties ("Motion to Amend") [Doc. # 37] filed by Plaintiffs Goodman Manufacturing Company, L.P., Goodman Company, L.P., and Goodman Sales Company (collectively, "Goodman"). Defendant Field Warehousing Corporation ("Field") filed a Response [Doc. # 41], Plaintiffs filed a Reply [Doc. # 43], and Field filed a Sur-Reply [Doc. # 45]. Based on the Court's review of the record and the governing legal authorities, the Court **grants** the Motion to Amend.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The facts of this case are set forth fully in the Court's Memorandum and Order entered June 26, 2007 ("June Order") [Doc. # 35]. Briefly, Goodman and Field entered

into a Supplier Field Warehousing Agreement (the "Master Agreement") on July 1, 1988. Under the Master Agreement, Field was to establish and operate warehouses for Goodman's heating and air conditioning products. Field managed Goodman's inventory system so that Goodman could track the value of the products that had been sold and sent to each of Goodman's distributors.

Goodman filed this lawsuit against Field alleging breach of the Master Agreement and negligence. At an initial pretrial and scheduling conference in February 2007, the Court discussed with counsel an appropriate date for amendments to pleadings. Based on that discussion, and with the agreement of counsel, the Court issued a Docket Control Order [Doc. # 14] establishing April 27, 2007, as the deadline for Plaintiffs to amend their Complaint. On July 23, 2007, almost three months after the deadline, Plaintiffs filed their Motion to Amend. Plaintiffs seek to add National Collateral Management, Inc. d/b/a Field Warehousing Corporation ("NCM") as a Defendant. The Motion to Amend has been fully briefed and is now ripe for decision.

II.   **ANALYSIS**

Leave to amend after the deadline granted in the Court's scheduling order is guided by Rule 16(b) of the Federal Rules of Civil Procedure. *See Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). "Rule 16(b) provides that a scheduling order shall not be modified except upon a showing of good

cause and by leave of the district judge. The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (internal quotations omitted). In deciding whether the movant has shown good cause, the Court must consider: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 546.

In this case, Plaintiffs explain that they did not understand the nature of the relationship between Field and NCM until after the deadline for amendments. Although Field notes that it identified NCM as an interested entity in its Initial Disclosures, the exact relationship between the two entities was and remains unclear. The amendment is important because Plaintiffs are entitled to have the properly named Defendant as a party to the lawsuit. There is no prejudice in allowing the amendment, except perhaps that NCM will be unable to use complicated corporate relationships to escape liability. Discovery does not end until October 31, 2007, allowing ample time for the parties to discover the true nature of the relationship between Field and NCM.

The Court concludes that Plaintiffs are entitled to amend their Complaint to add NCM as a Defendant. If NCM can show that there is no genuine issue of material fact

regarding its liability in this case, it can move for summary judgment after discovery is completed.

### III.  CONCLUSION AND ORDER

Plaintiffs have shown good cause for their request to amend their Complaint to add National Collateral Management, Inc. d/b/a Field Warehousing Corporation as a named Defendant.  Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Amend [Doc. # 37] is **GRANTED**.

Signed at Houston, Texas, this **23rd** day of **August, 2007.**

_____
Nancy F. Atlas
United States District Judge