IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GOODMAN MANUFACTURING COMPANY, L.P., GOODMAN COMPANY, L.P., AND GOODMAN SALES COMPANY | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | Civil Action No. 4:06-cv-03042 |
| FIELD WAREHOUSING CORPORATION AND NATIONAL COLLATERAL MANAGEMENT, INC. D/B/A FIELD WAREHOUSING CORPORATION | § § § § § § | |
| Defendants. | § | |

**DEFENDANT FIELD WAREHOUSING CORPORATION'S ANSWER
TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND
REQUEST FOR DECLARATORY JUDGMENT**

Defendant Field Warehousing Corporation ("Field") files its Answer to Plaintiffs Goodman Manufacturing Company, L.P. ("Goodman Manufacturing Co."), Goodman Company, L.P. ("Goodman Co."), and Goodman Sales Company's ("Goodman Sales") Second Amended Complaint and Request for Declaratory Judgment (the "Second Amended Complaint") and would respectfully show the Court as follows:

**I.     PARTIES**

1.     Responding to Paragraph 1 of the Second Amended Complaint: Field is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and, therefore, denies the same.

2. Responding to Paragraph 2 of the Second Amended Complaint: Field is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and, therefore, denies the same.

3. Responding to Paragraph 3 of the Second Amended Complaint: Field is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 and, therefore, denies the same.

4. Responding to Paragraph 4 of the Second Amended Complaint: Field admits that it is California corporation but denies that its current principal place of business is 1177 Jadwin Avenue, Suite 100, Richland, Washington 99352. Field admits that it is a party to this action that has already been served and answered and that it may be served with the Second Amended Complaint through its counsel of record.

5. Responding to Paragraph 5 of the Second Amended Complaint: Field admits that National Collateral Management, Inc. ("NCM") is a California corporation with its principal place of business at 1177 Jadwin Avenue, Suite 100, Richland, Washington 99352 and that it uses the name "Field Warehousing Corp." as a registered trade name only. Field further admits that NCM's registered agent for service of process in California is Ms. Kerri Arechaederra, 3280 Avenida Aragon, Carlsbad, California 92009.

6. Responding to Paragraph 6 of the Second Amended Complaint: Denied.

## II.   JURISDICTION AND VENUE

7. Responding to Paragraph 7, incorrectly numbered in the Second Amended Complaint as Paragraph 5, of the Second Amended Complaint: Field admits that this is an "action between citizens of different states and the amount in controversy exceeds $75,0000." Field is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 7 and, therefore, denies the same.

8. Responding to Paragraph 8, incorrectly numbered in the Second Amended Complaint as Paragraph 6, of the Second Amended Complaint: Field admits that it has not contested personal jurisdiction. Field denies that it "regularly conducts business in the state of Texas." Field is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 8 as they apply to NCM.

9. Responding to Paragraph 9, incorrectly numbered in the Second Amended Complaint as Paragraph 7, of the Second Amended Complaint: Denied.

### III. FACTUAL BACKGROUND

10. Responding to Paragraph 10, incorrectly numbered in the Second Amended Complaint as Paragraph 8, of the Second Amended Complaint: Field is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and, therefore, denies the same.

11. Responding to Paragraph 11, incorrectly numbered in the Second Amended Complaint as Paragraph 9, of the Second Amended Complaint: Field is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and, therefore, denies the same.

12. Responding to Paragraph 12, incorrectly numbered in the Second Amended Complaint as Paragraph 10, of the Second Amended Complaint: Field is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and, therefore, denies the same.

13. Responding to Paragraph 13, incorrectly numbered in the Second Amended Complaint as Paragraph 11, of the Second Amended Complaint: Field admits that both Field and NCM have provided warehousing and other services. The remainder of the allegations set forth in Paragraph 13 are denied.

14. Responding to Paragraph 14, incorrectly numbered in the Second Amended Complaint as Paragraph 12, of the Second Amended Complaint: Field admits that it entered into the Master Agreement with Goodman Manufacturing Corporation on July 1, 1988 but denies that it entered into the Master Agreement with Goodman Manufacturing Co., Goodman Co., or Goodman Sales. Field admits that the quoted language appears in the Master Agreement. Field denies the remainder of the allegations set forth in Paragraph 14.

15. Responding to Paragraph 15, incorrectly numbered in the Second Amended Complaint as Paragraph 13, of the Second Amended Complaint: Field admits that on or about May 8, 1991, it executed Addendum "A" to the Master Agreement with Goodman Manufacturing Corporation but denies that it executed Addendum "A" to the Master Agreement with Goodman Manufacturing Co., Goodman Co., or Goodman Sales. Field admits that the quoted language appears in Addendum "A" to the Master Agreement. Field denies the remainder of the allegations set forth in Paragraph 15.

16. Responding to Paragraph 16, incorrectly numbered in the Second Amended Complaint as Paragraph 14, of the Second Amended Complaint: Field admits that on or about August 31, 2000, it entered into the Field Warehouse Storage Agreement with ASHA Distributing, Inc. and/or ASHA Distributing of K.C., Inc. (collectively "ASHA") and GMC Sales Corp. Field is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 16 and, therefore, denies the same.

17. Responding to Paragraph 17, incorrectly numbered in the Second Amended Complaint as Paragraph 15, of the Second Amended Complaint: Field admits that it provided warehousing services under the Field Warehouse Storage Agreement until March 2005 for the inventory consigned to ASHA. Field further admits that it provided services to Goodman

Manufacturing Corporation under the Master Agreement relating to the ASHA inventory during that time. Field further admits that it conducted periodic inventories at ASHA warehouses during that time. Field is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 17 and, therefore, denies the same.

18. Responding to Paragraph 18, incorrectly numbered in the Second Amended Complaint as Paragraph 16, of the Second Amended Complaint: Field admits that in March 2005, a Goodman entity removed inventory from ASHA's warehouses and that representatives from ASHA, Field, and one or more Goodman entities were present. Field is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 18 and, therefore, denies the same.

19. Responding to Paragraph 19, incorrectly numbered in the Second Amended Complaint as Paragraph 17, of the Second Amended Complaint: Denied.

20. Responding to Paragraph 20, incorrectly numbered in the Second Amended Complaint as Paragraph 18, of the Second Amended Complaint: Denied.

21. Responding to Paragraph 21, incorrectly numbered in the Second Amended Complaint as Paragraph 19, of the Second Amended Complaint: Denied.

22. Responding to Paragraph 22, incorrectly numbered in the Second Amended Complaint as Paragraph 20, of the Second Amended Complaint: Denied.

23. Responding to Paragraph 23, incorrectly numbered in the Second Amended Complaint as Paragraph 21, of the Second Amended Complaint: Denied.

### IV. FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

24. Responding to Paragraph 24, incorrectly numbered in the Second Amended Complaint as Paragraph 22, of the Second Amended Complaint: Field reasserts and hereby

incorporates all of its answers and responses to all preceding paragraphs of the Second Amended Complaint as if fully restated and set forth herein.

25. Responding to Paragraph 25 and its subparts, incorrectly numbered in the Second Amended Complaint as Paragraph 23, of the Second Amended Complaint: Denied.

26. Responding to Paragraph 26, incorrectly numbered in the Second Amended Complaint as Paragraph 24, of the Second Amended Complaint: Denied.

### V.   SECOND CLAIM FOR RELIEF: NEGLIGENCE

27. Responding to Paragraph 27, incorrectly numbered in the Second Amended Complaint as Paragraph 25, of the Second Amended Complaint: Field reasserts and hereby incorporates all of its answers and responses to all preceding paragraphs of the Second Amended Complaint as if fully restated and set forth herein.

28. Responding to Paragraph 28, incorrectly numbered in the Second Amended Complaint as Paragraph 26, of the Second Amended Complaint: Denied.

29. Responding to Paragraph 29, incorrectly numbered in the Second Amended Complaint as Paragraph 27, of the Second Amended Complaint: Denied.

### VI.   THIRD CLAIM FOR RELIEF: DECLARATORY JUDGMENT

30. Responding to Paragraph 30, incorrectly numbered in the Second Amended Complaint as Paragraph 28, of the Second Amended Complaint: Field reasserts and hereby incorporates all of its answers and responses to all preceding paragraphs of the Second Amended Complaint as if fully restated and set forth herein.

31. Responding to Paragraph 31, incorrectly numbered in the Second Amended Complaint as Paragraph 29, of the Second Amended Complaint: Field admits that it entered into the Master Agreement with Goodman Manufacturing Corporation on July 1, 1988 and Addendum "A" with Goodman Manufacturing Corporation on or about May 8, 1991. Field

further admits that the parties agreed to the quoted limitation-of-liability language in these agreements.

32. Responding to Paragraph 32, incorrectly numbered in the Second Amended Complaint as Paragraph 30, of the Second Amended Complaint: Denied.

33. Responding to Paragraph 33, incorrectly numbered in the Second Amended Complaint as Paragraph 31, of the Second Amended Complaint: Field denies that Plaintiffs are entitled to a declaration from the Court stating that the agreed-to limitation-of-liability clauses are unenforceable.

### VII.   PLAINTIFFS' PRAYER

Field reasserts and hereby incorporates all of its answers and responses to all preceding paragraphs of the Second Amended Complaint as if fully restated and set forth herein.

34. Responding to Plaintiffs' Prayer, including subparts (a)-(f): Field denies that Plaintiffs are entitled to any relief requested in their Prayer, including subparts (a)-(f), for the causes of action they have asserted.

### VIII.   ADDITIONAL AND/OR ALTERNATIVE DEFENSES

As separate, additional, and/or alternative defenses, including affirmative defenses, to the Plaintiffs' Second Amended Complaint (and any subsequently filed, amended, or supplemented complaints), Field pleads as follows:

35. The named Plaintiffs lack standing to bring the causes of action asserted.

36. Plaintiffs' claims are barred by applicable statutes of limitation.

37. Plaintiffs' claims are barred by laches.

38. Plaintiffs' are barred by waiver and estoppel.

39. Plaintiffs' claims are barred by promissory estoppel.

40. Plaintiffs' claims are barred by ratification.

41. Plaintiffs failed to mitigate their damages claimed in this lawsuit.

42. Plaintiffs' claims are barred by the doctrine of unclean hands.

43. Plaintiffs' claims are barred by Plaintiffs' own material breach of the subject contract (as amended).

44. Plaintiffs' claims are barred by accord and satisfaction.

45. The maximum amount of any damages awarded is limited by the applicable limitation-of-liability clauses in the subject contract.

46. The Master Agreement and Addendum "A" identified by Plaintiffs as the subject contract was modified by subsequent written agreements between the parties including, but not limited to, written agreements dated August 5, 1991 and June 2, 1994.

47. Alternatively, the subject contract was modified by the parties' course of dealing.

48. Plaintiffs have not pled and cannot prove that all conditions precedent to Field's performance under the contract have been performed or have occurred.

49. Plaintiffs failed to comply with the notice provisions of the subject contract (as amended).

50. Alternatively, Field pleads that any act or omission by Field found to be a breach does not constitute a material breach.

51. Alternatively, Field's performance under the contract was excused due to impossibility of performance given Plaintiffs' failure to timely provide Field with information, documentation and notifications required by the contract.

52. Plaintiffs' claims sound only in contract, as the duties allegedly breached by Field were created solely by contract, and Plaintiffs' claimed losses relate only to the subject matter of the contract.

53. Alternatively, Field asserts its rights under Section 33.003 of the Texas Civil Practice and Remedies Code, which permits the submission of questions determining the percentage of responsibility each claimant, each defendant, each settling person, and each responsible third party who has been designated under Section 33.004.

54. Alternatively, Field pleads Plaintiffs' comparative fault and asserts that the acts and/or omissions of Plaintiffs and/or Goodman Manufacturing Corporation were a proximate cause of Plaintiffs' alleged injuries or damages.

55. Alternatively, Field pleads ASHA's comparative fault and asserts that the acts and/or omissions of ASHA were a proximate cause of Plaintiffs' alleged injuries or damages, including but not limited to ASHA's failure to return or pay for the merchandise, or any portion of the merchandise, made the basis of this suit.

56. Alternatively, in the event that Field is found liable to Plaintiffs, any such liability being expressly denied, it is entitled to contribution, credit, and/or indemnity, as provided by the laws and statutes of the State of Texas, including, but not limited to the provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code, as well as other applicable laws and statutes.

57. Each act of which Plaintiffs complain, if it in fact occurred, was taken for a legitimate business reason not prohibited by law.

58. Field's actions were at all times reasonable and performed in good faith, legal, bona fide, were not tortious or in violation of any alleged duty owed or statute.

59. Field is entitled to a credit, as provided by Chapter 33 of the Texas Civil Practice and Remedies Code, common law, and under the "one-satisfaction rule" for all amounts, monies, consideration, sums, and/or any thing of value paid to, received by, or that benefits Plaintiffs

from any defendant or other party (current and past) by virtue of any judgment or form of settlement agreement arising out of the events made the basis of this lawsuit.

60. Plaintiffs' claims are barred, in whole or in part, by new, independent, superseding, and/or intervening causes over which Field had no control.

61. Plaintiffs are not entitled to recover speculative damages.

62. Plaintiffs are not entitled to recover special, incidental, or consequential damages.

63. Plaintiffs have spoliated evidence, specifically the allegedly damaged and obsolete inventory made a basis of this lawsuit, and Field requests this Court to dismiss the claims based upon this spoliated evidence, provide limiting instructions, and/or grant any other remedy in law or in equity to which Field may be justly entitled.

64. Field has not knowingly or intentionally waived any applicable defense, whether affirmative or otherwise, and hereby gives notice that it reserves its right to assert and rely upon such other applicable defenses as may become available or apparent during the proceedings. Field further reserves the right to amend its answer and/or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of the proceedings.

## IX.    REQUEST FOR RELIEF

WHEREFORE, Defendant Field Warehousing Corporation requests that Plaintiffs take nothing by reason of their allegations being made against it, that this action be dismissed on its merits, that Field be awarded its reasonable and necessary attorneys' fees and costs, and for such other and further relief, both general and specific, at law and in equity, to which Field may be justly entitled.

Dated: September 10, 2007.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

By:    /s/ Danya W. Blair   by permission
       Jeffrey R. Parsons
       State Bar No. 15547200
       Southern District I.D. No. 2411
       1300 Post Oak Boulevard, Suite 2500
       Houston, Texas 77056
       Telephone: (713) 623-0887
       Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE FOR DEFENDANT FIELD WAREHOUSING CORPORATION**

**OF COUNSEL:**

**BEIRNE MAYNARD & PARSONS L.L.P.**
1300 Post Oak Boulevard, Suite 2500
Houston, Texas 77056
(713) 623-0887 (telephone)
(713) 960-1527 (fax)

Danya W. Blair
State Bar No. 00790315
SD Admission No. 18239
1300 Post Oak Boulevard, Suite 2500
Houston, Texas 77056
(713) 623-0887 (telephone)
(713) 960-1527 (fax)
dblair@bmpllp.com

**CERTIFICATE OF SERVICE**

 I certify that I have this day caused to be delivered *via* the Court's electronic filing system a true and correct copy of the above and foregoing document to Plaintiffs' counsel this 10th day of September, 2007.

 Gregory J. Casas, Esq.
 Paul J. Brown, Esq.
 GREENBERG TRAURIG, L.L.P.
 1000 Louisiana Street, Suite 1800
 Houston, Texas 77002

          /s/ Danya W. Blair
          Danya W. Blair

729599v.1  iManage 070752